NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY, et al.
*v.* THORNTON

No. 42778            November 4, 1963            157 So. 2d 129

*Pack and Ratcliff, Warner Beard, Jr.,* Laurel, for appellants.

*Melvin, Melvin & Melvin,* Laurel, for appellee.

KYLE, J.

This case is before us on appeal by New Orleans and Northeastern Railroad Company and Lias Thigpen, defendants in the court below, from a judgment of the Circuit Court of the Second Judicial District of Jones County rendered in favor of Mrs. T. C. (Jane) Thornton, plaintiff, in an action for damages for personal injuries sustained by the plaintiff as the result of the appellant Railroad Company's 2½-ton truck, which was being driven by the defendant, Lias Thigpen, colliding with a 1959 Ford automobile owned by the plaintiff's husband and being operated by the plaintiff.

The accident occurred on December 8, 1960, at approximately 5:30 o'clock P.M., at a point near the center of the intersection of Teresa Street and U. S. Highway No. 11 North and State Highway No. 15, approximately 300 feet east of the railroad underpass, in the City of Laurel. The plaintiff at the time of the accident had passed under the overhead railroad bridge and was driving her automobile northwardly on U. S. Highway No. 11 in her own or north-bound lane of travel. The driver of the truck was proceeding southwardly on Highway No. 11, and the accident occurred when the truck crossed over the center of the highway and skidded against the plaintiff's automobile as the plaintiff brought her automobile to a stop in her own lane of travel immediately west of a traffic island at the center of the highway intersection. The proof shows that a drizzling rain was falling and the pavement was wet at the time of the accident, and there was heavy traffic on both highways approaching the intersection.

The plaintiff alleged in her declaration that the defendant Thigpen was driving his truck at a highly dangerous rate of speed as he approached the intersection;

that the defendant negligently failed to keep a proper lookout for other motorists using the highway, and negligently failed to have his truck under proper control; that, because of such excessive speed and such negligent failure to keep a proper lookout and have his truck under proper control the defendant lost control of his truck and negligently caused his truck to slide sideways into the plaintiff's lane of travel and collide with the automobile which the plaintiff was driving.

The case was tried during the May 1962 term of the court, and at the conclusion of the evidence the court instructed the jury peremptorily to find for the plaintiff on the question of liability. The jury returned a verdict for the plaintiff for the sum of $80,000, and judgment was entered thereon in favor of the plaintiff against both defendants for that amount. The defendants filed a motion for a new trial, alleging as grounds therefor errors as follows: (1) That the amount of the verdict of the jury was so grossly excessive that it evidenced bias, prejudice and passion against the defendants; (2) that the court erred in granting the plaintiff's request for a peremptory instruction on the question of liability against each of the defendants; (3) that the court erred in overruling the defendants' motion for a mistrial; and also other errors that need not be mentioned in this opinion. The court took the motion for a new trial under advisement and set the matter for hearing in vacation, and on August 7, 1962, the court rendered its decision. The court was of the opinion that the jury's verdict was excessive, and in view of its findings on that point the court ordered that the verdict be set aside and that a new trial be awarded on the question of damages only, unless within a period of twenty days the plaintiff should enter a remittitur for $20,000. It was further ordered that, in the event the remittitur was entered, the motion for a new trial was overruled. The plaintiff by her attorney entered the remittitur on August 25, 1962. From

the judgment rendered both defendants have prosecuted this appeal.

The appellants have assigned and argued three points as grounds for reversal of the judgment of the lower court: (1) That the lower court erred in granting the plaintiff's requested instruction directing the jury to find for the plaintiff on the question of liability; (2) that the court erred in overruling the defendants' motion for a mistrial; and (3) that the verdict is grossly excessive and the trial court erred in overruling the defendants' motion for a new trial because of that fact.

This case is a companion case with that of New Orleans Northeastern Railroad Company et al. v. Mrs. Melba Thornton, No. 42,735, decided by this Court on October 7, 1963. The plaintiff in this case was the driver of the automobile in which the appellee in Cause No. 42,735 was riding. The injuries complained of in each of the two cases were suffered as a result of the same accident. The negligence alleged in the plaintiff's declaration in each of the two cases as grounds for recovery of damages is practically the same. The evidence offered on behalf of the plaintiff and the evidence offered on behalf of the defendants in each of the two cases on the issue of legal liability is substantially the same. The main point assigned and argued by the appellants as ground for reversal of the judgment of the lower court in this case, as in the above mentioned companion case, is that the trial court erred in granting the plaintiff's requested instruction for a directed verdict on the question of liability.

This Court held in the case of Mrs. Melba Thornton, supra, that the testimony of the driver of the truck, who was called to testify as an adverse witness by the plaintiff, was sufficient to create an issue of fact as to the defendants' legal liability which should have been submitted to the jury; and a judgment was therefore entered reversing the judgment of the lower court and

ordering a new trial. The testimony of the driver of the truck, who was called to testify as an adverse witness by the plaintiff in this case, was substantially the same as the testimony of the driver of the truck in that case.

We have made a careful study of the record before us on this appeal, and in our opinion the decision of the Court in the above mentioned companion case is controlling here. We therefore hold that the trial court erred in granting the plaintiff's requested instruction for a directed verdict on the question of liability. The case should have been submitted to the jury on that issue as well as on the other issues of fact presented by the pleadings. Since the case must be tried again we do not deem it necessary to consider at this time any of the other assignments of error.

For the reasons stated above the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

*Lee, P. J., and Ethridge, Rodgers and Jones, JJ.,* concur.